THE STATE OF OHIO, APPELLEE, *v.*
GREER, APPELLANT.

(No. C-800837—Decided
August 19, 1981.)

Mr. *Dennis S. Helmick,* for plaintiff-appellee.

Ms. *Terri L. Crum,* for defendant-appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton County Municipal Court.

From May 1977 until July 1977, appellant, Gwendolyn Greer, received welfare payments as well as unemployment compensation. Appellant's welfare payments were cancelled in July. On August 12, 1977, a complaint was filed and a warrant issued charging appellant with falsification pursuant to R.C. 2921.13. On September 13, 1977, the Welfare Department sent a letter to appellant by regular mail advising her that a warrant against her had been issued and requesting that she contact the Welfare Department. A Welfare Department representative made a home visit on October 1, 1977. Finding no one present, he left his business card in the door. The Welfare Department requested two skip-traces be made on appellant. Both skip-traces showed that appellant continued to reside at the same address. In August 1978, the Welfare Department closed appellant's case. The last attempt to contact appellant was by regular mail on November 20, 1979. In August 1980, appellant, having lost her job, went to the Welfare Department office to reapply for assistance. At that time she was informed that a warrant against her was outstanding. She voluntarily proceeded to another location and accepted service of the warrant.

Appellant's motion to dismiss the charge was denied. She subsequently pleaded no contest, was found guilty, and was sentenced. This timely appeal was filed presenting a single assignment of error:

"The failure to dismiss the charge of falsification against the appellant after a three year delay in serving or otherwise executing the warrant is prejudicial error."

R.C. 2901.13 in pertinent part provides:

"(A) Except as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:

"* * *

"(2) For a misdemeanor other than a minor misdemeanor, two years;

"* * *

"(E) A prosecution is commenced on

the date an indictment is returned or an information filed, or on the date a lawful arrest without a warrant is made, or on the date a warrant, summons, citation, or other process issued, whichever occurs first. A prosecution is not commenced by the return of an indictment or the filing of an information unless reasonable diligence is exercised to issue and execute process on the same. A prosecution is not commenced upon issuance of a warrant, summons, citation, or other process, unless reasonable diligence is exercised to execute the same."

The appellant argues that the state of Ohio, *i.e.,* the Hamilton County Welfare Department, did not exercise reasonable diligence in executing appellant's warrant after it had issued. We agree.

Crim. R. 4(D) clearly states that the prescribed procedures for executing a warrant are arrest or summons. Summons may be served personally, or by leaving a copy at the usual residence with a suitable resident therein, or by certified mail. These prescribed procedures were not followed, and the actions taken by appellee did not constitute reasonable diligence in executing the warrant. This court cannot characterize as reasonably diligent actions which do not meet the requirements of Crim. R. 4(D). The decision of the court below is reversed, and appellant is ordered to be discharged.

*Judgment reversed and appellant discharged.*

PALMER, P.J., DOAN and KLUSMEIER, JJ., concur.