The STATE of Ohio, Appellee,

v.

LOOPER, Appellant.

[Cite as *State v. Looper* (1988), 61 Ohio App.3d 448.]

Court of Appeals of Ohio,
Montgomery County.

No. 10477.

Decided June 10, 1988.

*Walter F. Ruf,* assistant prosecuting attorney, for appellee.

*Valerie Stocklin,* for appellant.

---

WILSON, Judge.

Marlene Yvonne Looper was charged with knowingly causing the death of Jonas D. Rose, Jr. on May 18, 1980 while she was under extreme emotional stress, brought on by serious provocation, reasonably sufficient to incite her into using deadly force.

The next day the defendant appeared in the Dayton Municipal Court and was released on bond. On May 27, 1980, the charge was dismissed upon application of the prosecuting attorney because of "no complaining witness."

On May 29, 1980, the defendant was indicted for the same manslaughter charge. A copy of the indictment was mailed to the defendant by certified mail to her Decker Avenue address and returned marked "addressee unknown."

A warrant on the indictment was filed on June 20, 1980, but was not executed until more than six years later.

The defendant entered a no contest plea and was found guilty after her motion to dismiss for lack of a speedy trial was overruled. The defendant has appealed from her conviction contending that her constitutional rights to a speedy trial and to due process were violated.

The motion to dismiss was heard on November 3, 1986. In a "decision overruling motion to dismiss" the trial court concluded that "there was a delay that can presumably be attributed to negligence in not bringing the defendant before the Court." The trial court also found that "the evidence shows no specific prejudice to the defendant other than the 75 month delay."

To evaluate constitutional speedy trial violation claims, the United States Supreme Court has adopted a balancing test in which the conduct of both the prosecution and the defendant are weighed. *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101.

*Barker* identified some of the factors to be assessed and weighed to be length of delay, reason for delay, the defendant's assertion of his right, and prejudice to the defendant.

*Barker* further pointed out that "the length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."

■  The trial court weighed all four factors prior to concluding that the defendant's constitutional right to a speedy trial was not violated.  We agree with the trial court's implicit finding that the seventy-five month delay was presumptively prejudicial.

■  The defendant had given the state the Decker Avenue address as her address.  She had also given the address of her mother as her address, *i.e.*, 21 North Plaza Avenue, Dayton.  The state had searched the defendant's mother's home at the time of the initial arrest.  The police were well aware of the defendant's connection with that address.  The evidence in this case failed to show that the state made any effort to either notify the defendant of the indictment at the Plaza Avenue address or to execute the warrant at that address.  There was a lack of evidence that the state ever inquired of the defendant's mother of the defendant's whereabouts.  There was also no evidence that the defendant attempted to avoid either the service of the notice of the indictment or the execution of the warrant.  In fact, there was uncontroverted evidence that the defendant was totally unaware of the pending charges for six years.

*Barker* pointed out that a reason for delay such as negligence on the part of the state should be weighed less heavily against the state than deliberate delay.  However, delay due to negligence of the state "nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant."

It follows that the "reason for delay" factor should be weighed against the state.

The defendant in this case failed to assert her right to a speedy trial.  However, it would be unreasonable to weight this factor against her when she was unaware of the fact that charges were pending.

In our view the defendant's failure to assert her right to a speedy trial is not a factor to be weighed against the defendant under the facts of this case.

The last *Barker* factor to be weighed is prejudice to the defendant.  The defendant testified that she telephoned the Dayton Police Department on May 18, 1980, "because I needed help."  A police officer testified that records of such calls are destroyed after two years.

It follows that the defendant may have been prejudiced to the extent that she is now unable to substantiate the call to the police with police records.

We do not know the nature of the defendant's call to the police.  However, we think that it is reasonable to assume that the call was in the nature of a domestic violence report.

Voluntary manslaughter requires proof that a defendant knowingly caused the death of another. It is difficult to perceive how the contents of the defendant's telephone call would be relevant to attacking these essential elements of the crime. The contents of the telephone call might well have tended to substantiate the mitigating circumstance of extreme emotional stress; however, the allegations of the indictment are in effect an admission by the state of the mitigating circumstances.

We do not disagree with the finding of the trial court that the evidence showed "no specific prejudice to the defendant other than the 75 month delay," however, the evidence reveals possible prejudice.

*Barker* held that the states are free to prescribe a reasonable period consistent with constitutional standards during which an accused must be afforded his right to a speedy trial.

Ohio's speedy trial statutes, R.C. 2945.71 *et seq.*, generally require the state to bring an accused to trial in felony cases within two hundred seventy days after his arrest.

R.C. 2901.13(A) provides in part:

"Except as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:

"(1) For a felony other than aggravated murder or murder, six years[.]"

Subsection (E) of R.C. 2901.13 provides:

"A prosecution is commenced on the date an indictment is returned or an information filed, or on the date a lawful arrest without a warrant is made, or on the date a warrant, summons, citation, or other process is issued, which ever occurs first. A prosecution is not commenced by the return of an indictment or the filing of an information unless reasonable diligence is exercised to issue and execute process on the same. A prosecution is not commenced upon issuance of a warrant, summons, citation, or other process, unless reasonable diligence is exercised to execute the same."

The defendant has not contended that either the speedy trial statutes or the statute of limitation applies in this case. However, they are indicative of legislative policy with respect to speedy trial requirements.

In balancing the factors and the conduct of the state and the defendant, we think the scales tip in favor of finding that the defendant's constitutional right to a speedy trial was violated. The six-year delay alone weighs heavily in favor of the defendant.

In view of the above, we also find that the due process speedy trial issue involving investigative delay is moot.

We reverse and the defendant is discharged.

*Judgment reversed.*

FAIN, J., concurs.

WOLFF, J., dissents.

WOLFF, Judge, dissenting.

I respectfully dissent. As observed by the majority, Marlene Looper was, at most, possibly prejudiced by the delay, due to the destruction of any record of her alleged call to the police for help. As also observed by the majority, it is unlikely that such a record would have aided Looper's defense to a charge of voluntary manslaughter, wherein the state concedes extreme emotional distress. Looper, who testified that she called the police for help, did not contend that the shooting was either self-defense or accident. I agree with the state that it is just as likely that Looper would be served, rather than prejudiced, by the destruction of the record. The possible jury skepticism about her unverified testimony about calling the police for help, and the content of her call, would be obviated by testimony from the police that the policy is to destroy records of phone calls after two years. Except for the missing record, Looper does not intimate as to how she was otherwise prejudiced by the delay.

*Barker, supra,* provides at 407 U.S. at 532, 92 S.Ct. at 2193, 33 L.Ed.2d at 118:

"Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system."

Clearly, the first two interests are not implicated here, and, in my opinion, the third interest is likewise not implicated. Given what I find to be a lack of prejudice, I am not convinced that the delay, caused at most by negligence, is of constitutional dimension.

Nor do I find a violation of Looper's entitlement to due process of law.

I would affirm.