THE STATE OF OHIO, APPELLANT, *v.* PACKARD, APPELLEE.

(No. CA88-12-016—Decided August 15, 1988.)

*George E. Pattison,* prosecuting attorney, and *Lawrence R. Fisse,* for appellant.

*Henry E. Sheldon II,* for appellee.

*Per Curiam.* The issue on appeal is whether the trial court correctly granted defendant-appellee's motion to discharge on the basis of his constitutional right to a speedy trial pursuant to Section 10, Article I of the Ohio Constitution and also the Sixth Amendment to the United States Constitution, as made applicable to the states by the Fourteenth Amendment. The preceding constitutional sections guarantee to a defendant the right to a speedy trial. *Klopfer* v. *North Carolina* (1967), 386 U.S. 213; *Smith* v. *Hooey* (1969), 393 U.S. 374; *Dickey* v. *Florida* (1970), 398 U.S. 30. For the reasons set forth below, we conclude that the trial court erred in granting the motion and we reverse and remand.

Defendant-appellee, Pat Packard, was indicted on August 15, 1984 for having knowingly possessed Tylox on February 15, 1984, a violation of R.C. 2925.11 and a felony of the fourth degree. A warrant to arrest on the indictment together with a summons and a copy of the indictment was issued to the Clermont County Sheriff on August 15, 1984. On August 16, 1984, a warrant was issued and a copy of the same transmitted to the Sheriff of Hamilton County, Ohio, because appellee was a resident of that county. Information concerning the warrant was also entered into the teletype network.

On or about October 28, 1987, appellee was arrested as a result of a stop for a traffic violation in Columbus, Ohio. His arrest was facilitated by the fact that the original information concerning the indictment and warrant for arrest had been entered into the computer teletype network. He was returned to Clermont County on or about November 6, 1987 and thereafter, on November 12, 1987, filed a motion to dismiss the indictment based upon an alleged violation of R.C.

2901.13 and the provisions of Crim. R. 4 and 12. Such motion was granted by the Court of Common Pleas of Clermont County on January 20, 1988, based upon appellee's pre-arrest constitutional right to a speedy trial. An entry thereon was entered on January 26, 1988, and the case was dismissed. The state timely appealed and raises a single assignment of error, contending that the trial court erred in granting appellee's motion.

It is interesting to note that the trial court based its decision strictly upon appellee's speedy trial rights, when appellee's motion to dismiss, his supplemental brief and also the state's memorandum in opposition to the motion to dismiss were based upon Ohio Revised Code sections and Rules of Criminal Procedure which pertain to a defendant's right to be brought before a court without "unnecessary delay." Appellee did not even raise speedy trial grounds for his motion to dismiss except as the "unstated rationale of the decision in the *Greer* case." *State* v. *Greer* (1981), 2 Ohio App. 3d 399, 2 OBR 473, 442 N.E. 2d 473, was a First District Court of Appeals case where a dismissal was based upon the "reasonable diligence" standard stated in R.C. 2901.13 and the fact that the arrest was not accomplished within the statutory time period of two years.

The statute of limitations set out in R.C. 2901.13 is pertinent to this case, as is the *constitutional* right to a speedy trial. The *statutory* speedy trial provisions, embodied in R.C. 2945.71 and Crim. R. 4, are not pertinent to this case as they are only applicable after accusation and arrest. R.C. 2901.13(A)(1) states that a prosecution for a felony other than aggravated murder or murder shall be barred unless it is commenced within six years after the offense is committed. Appellee's prosecution was commenced within three years after the commission of the offense and therefore the

state has satisfied its statutory duty to prosecute appellee. Appellee must, therefore, rely solely upon his constitutional (as opposed to statutory) right to a speedy trial in order to challenge his conviction. *State v. Bauer* (1980), 61 Ohio St. 2d 83, 15 O.O. 3d 122, 399 N.E. 2d 555; *State v. Bound* (1975), 43 Ohio App. 2d 44, 72 O.O. 2d 197, 332 N.E. 2d 366.

In *State v. Meeker* (1971), 26 Ohio St. 2d 9, 55 O.O. 2d 5, 268 N.E. 2d 589, the Ohio Supreme Court concluded that in "[c]onsidering the basic purposes of the constitutional right to a 'speedy trial,' * * * such constitutional guarantees are applicable to unjustifiable delays in commencing prosecution as well as to unjustifiable delays after indictment." *Id.* at 16-17, 55 O.O. 2d at 9, 268 N.E. 2d at 594.

In determining whether appellee's constitutional speedy trial right had been violated, the trial judge was called upon to exercise his discretion in weighing and balancing the factors set out in *Barker* v. *Wingo* (1972), 407 U.S. 514, while also taking R.C. 2901.13(A)(1) into account. The factors set out in *Barker, supra,* to be considered by the lower court were (1) length of delay, (2) reason for delay, (3) assertion of the right and (4) resulting prejudice. It is not essential that appellee affirmatively demonstrate prejudice, *Moore* v. *Arizona* (1973), 414 U.S. 25, and, furthermore, none of the factors is a necessary condition to the finding of a deprivation of the right. "* * * Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process. * * *" *Barker, supra,* at 533.

While realizing that performance of this balancing process is difficult, at best, we must disagree with the trial court's ruling and find that its decision is not supported by the evidence. The trial court found that the Clermont County law enforcement efforts to secure delivery of the warrant, summons and arrest fell short of the standard of the "exercise of reasonable diligence," and that the county sheriff took nothing more than an "backseat" approach to try to bring appellee to arrest and trial.

We do not agree that appellee should have become the focus of an all-out search by the sheriff's department. At the time the indictment was issued against appellee, he was not a resident of Clermont County and at no time pertinent to this action did he ever reside in Clermont County. Appellee changed residences two times between the date of the issuance of the indictment and his arrest in Columbus, Ohio. He did not have a directory listing, business or otherwise, within Clermont County. These factors made it difficult for the authorities to find appellee and accomplish service of summons. The sheriff's department could not and should not be expected to initiate a multiple-county or statewide dragnet to track down one individual — at least under the facts of this case. The authorities did what was required of them immediately upon receiving the indictment, summons and warrant against appellee. At that time, the Clermont County Sheriff sent a copy of the warrant to the Hamilton County Sheriff and transmitted the teletype containing the information relating to the warrant.

The length of the delay in bringing appellee to trial was not prejudicial in this case. "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry

is necessarily dependent upon the peculiar circumstances of the case. * * *" *Barker, supra,* at 530-531. In a case where no specific time periods have been set within which an accused must be brought to trial, a period of delay of over three years would be "presumptively prejudicial." In this case, however, specific time periods have been set within which an accused must be brought to trial. R.C. 2901.13(A)(1) set that limit at six years. We must presume that in setting a six-year time period within which a felony prosecution must be commenced, the legislature felt that such a length of time would not hinder a defendant in putting on a defense. To find otherwise would be to assume that the legislature failed to consider the speedy trial statutes in promulgating this code section. Where the legislature has set such a time period for the commencement of prosecution in a case such as this one, we must find that a delay of three years, which is within the six-year time frame, is not prejudicial in the absence of evidence to the contrary.

Finally, we find that although the trial court stated several reasons why the three-year delay is prejudicial to appellee's case, these factors were found strictly upon the court's own initiative. Appellee failed to demonstrate any prejudice resulting from the three-year delay. For this and the foregoing reasons, the state's sole assignment of error is sustained. The order to discharge is hereby reversed and the cause is remanded for trial.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

HENDRICKSON, J., concurs.

JONES, P.J., concurs separately.

YOUNG, J., dissents.

JONES, P.J., concurring separately. The trial court and our dissenting colleague erred in their interpretation of R.C. 2901.13(E). R.C. 2901.13, entitled "limitation of criminal prosecutions," reads, in part, as follows:

"(A)  Except as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:

"(1)  For a felony other than aggravated murder or murder, six years[.]

"* * *

"(E)  A prosecution is commenced on the date an indictment is returned or an information filed, or on the date a lawful arrest without a warrant is made, or on the date a warrant, summons, citation, or other process is issued, whichever comes first. *A prosecution is not commenced by the return of an indictment or the filing of an information unless reasonable diligence is exercised to issue and execute process on the same. A prosecution is not commenced upon issuance of a warrant, summons, citation, or other process, unless reasonable diligence is exercised to execute the same.*" (Emphasis added.)

R.C. 2901.13(E) was obviously written to prevent the prosecution from subverting the statute of limitations. R.C. 2901.13(A)(1) sets forth a six-year statute of limitations for felonies other than aggravated murder or murder, and would therefore be the appropriate statute of limitations for the offense charged in this case, *i.e.,*

drug abuse, R.C. 2925.11(A), a fourth degree felony. Absent section (E), the state could wait five years and eleven months before returning an indictment and then extend the statute interminably by the simple expedient of not exercising reasonable diligence in executing the warrant of arrest. Such inaction obviously could not be permitted and in that situation prosecution should be barred.

In the case *sub judice,* defendant was arrested *within six years* from the date of the offense, and the prosecution was therefore "commenced" clearly within the period of the statute of limitations. Accordingly, "reasonable diligence" in executing the warrant is simply not a factor. The question of "reasonable diligence" would only arise if the indictment had been returned within the six-year statute of limitations, but the arrest not made until after the statute had expired.

YOUNG, J., dissenting. R.C. 2901.13 provides that a prosecution is not commenced upon issuance of a warrant, summons, citation or other process, unless reasonable diligence is exercised to execute the same. The warrant was issued in this case in August 1984. The state failed to introduce any evidence at the hearing on appellee's motion to dismiss of any reasonable diligence to execute the warrant. Appellee was not arrested until October 1987, a period of thirty-eight months after the issuance of the original warrant. I agree with the trial court's finding that the state failed to show that it had exercised reasonable diligence and that the state failed to bring appellee before the court without unreasonable delay.

I feel that the majority has failed to grasp the distinction between commencing an action within the statute of limitations and the duty of the state to exercise reasonable diligence to bring a defendant before the court without unreasonable delay. Upon the filing of the motion, as in this case, the state must present evidence of the exercise of reasonable diligence. The state failed to present such evidence.

I would affirm the decision of the trial court, and therefore I dissent.