**The STATE of Ohio, Appellant,**

v.

**BEHYMER, Appellee.**

[Cite as *State v. Behymer* (1992), 80 Ohio App.3d 791.]

Court of Appeals of Ohio,
Clermont County.

No. CA92-01-007.

Decided July 27, 1992.

*Donald W. White,* Clermont County Prosecuting Attorney, and *David H. Hoffmann,* Assistant Prosecuting Attorney, for appellant.

*R. Daniel Hannon,* Clermont County Public Defender, and *David S. McCune,* Assistant Public Defender, for appellee.

Jones, Presiding Judge.

The issue to be decided in this appeal is whether the trial court correctly dismissed charges against defendant-appellee, James W. Behymer, for lack of a speedy trial.

On October 22, 1989, appellee was arrested for driving while under the influence of alcohol. During the subsequent booking process at the county jail, a deputy sheriff discovered marijuana and cocaine on appellee, prompting additional charges for possession of marijuana and cocaine in violation of R.C. 2925.11. Appellee was released on his own recognizance and a preliminary hearing was scheduled for November 7, 1989, which was continued to November 14, 1989, at the state's request. The felony charge for cocaine possession was dismissed on November 14, 1989, for failure to conduct a timely preliminary hearing. On December 5, 1989, the state dismissed the remaining misdemeanor charges.

However, on November 29, 1989, the Clermont County Grand Jury indicted appellee on two counts of violating R.C. 2925.11 for possession of marijuana and cocaine. The following day, attempts were made to serve appellee with the indictment. Appellee was not served with summons and arrested until September 29, 1991, almost two years after the indictment. During this time, appellee resided in Clermont County and had regular contact with the Union Township Police Department due to appellee's employment at a local tavern.

Appellee filed a motion to dismiss the indictment. Following a hearing, the trial court granted appellee's motion on the basis that appellee had been denied his constitutional right to a speedy trial. As its sole assignment of error, the state submits that:

"The trial court erred in dismissing the indictment herein for the reasons that the state of Ohio had failed to provide a speedy trial."

The trial court found that " * * * the delay from the time of the original indictment and warrant to the time of arrest was unnecessary and prejudicial to defendant, when the last attempt to serve defendant was March of 1990 and where there is no evidence that defendant attempted to avoid prosecution and was unavailable for arrest on the charge."

In reaching its decision, the trial court used the criteria for evaluating constitutional speedy trial claims set forth in *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. *Barker* identified factors to be assessed and weighed including the length of delay, reason for delay, the defendant's assertion of his right, and prejudice to the defendant. These factors have also been utilized by Ohio courts in determining whether an individual has been denied his constitutional right to a speedy trial. See *State v. Looper* (1988),

61 Ohio App.3d 448, 449, 573 N.E.2d 123, 124; *State v. Packard* (1988), 52 Ohio App.3d 99, 101, 557 N.E.2d 808, 811.

■ The state submits that appellee failed to demonstrate any prejudice and relies on our decision in *State v. Brown* (Oct. 29, 1990), Clermont App. No. CA89–09–079, unreported, 1990 WL 165121, for the proposition that where the accused has suffered no prejudice, there is no speedy trial violation. In *Brown*, we held that even though the accused suffered no actual prejudice, prejudice was but one factor to consider, along with the question of whether the delay was unjustifiable. *Id.* at 9. In the case *sub judice*, the trial court found that appellee was residing in Clermont County, maintained regular contact with law enforcement officials, and that the resulting delay was "unnecessary," a description which we interpret as being tantamount to "unjustifiable" given the circumstances associated with the delay.

■ Furthermore, it is not essential that the accused affirmatively demonstrate prejudice in order to establish a denial of the constitutional right to a speedy trial. *State v. Packard, supra.* See, also, *Doggett v. United States* (1992), 505 U.S. ——, ——, 112 S.Ct. 2686, 2692–2694, 120 L.Ed.2d 520, 529–532.

We accordingly conclude that the trial court correctly found that the delay associated with appellee's arrest was unjustifiable and that appellee was denied his constitutional right to a speedy trial. Consequently, the state's assignment of error is overruled.

*Judgment affirmed.*

KOEHLER and WALSH, JJ., concur.