### The STATE of Ohio

### v.

### DIXON.█

Court of Common Pleas of Ohio,
Lucas County.

No. CR93–7176.

Decided Feb. 5, 1996.

**2**

*Anthony G. Pizza,* Lucas County Prosecuting Attorney, and *Dean Mandross,* Assistant Prosecuting Attorney, for plaintiff.

*Vijay K. Puligandla,* for defendant.

JUDITH ANN LANZINGER, Judge.

On November 9, 1993, defendant, Cynthia Dixon, was indicted by the Lucas County Grand Jury with one count of aggravated vehicular assault and attendant specifications. The warrant was not served upon the defendant until March 30, 1995 approximately seventeen months later. She filed a motion to dismiss the indictment on grounds that her constitutional speedy trial and due process rights had been violated.[1] An evidentiary hearing was held on January 31, 1995, where Dixon, represented by defense attorney Vijay K. Puligandla, testified for the limited purpose of showing prejudice to her defense. The state was represented by Assistant Prosecutor Dean Mandross.

At the evidentiary hearing, the state argued that it was merely negligent in causing the delay. Furthermore, the state alleged that Dixon herself unintentionally contributed to the delay by changing addresses. The parties stipulated that in April 1994, Dixon moved from 3747 Alexis Road where she lived on July 10, 1993 at the time of the accident, to 14691/2 West Sylvania Avenue, that upon moving she filed a change of address form with the post office, that she filed taxes at her new address, and that she renewed her driver's license and hooked up utilities in her name at the new address. The foregoing establishes that

---

1. On October 9, 1995, an opinion and judgment entry set an evidentiary hearing in which both parties would have the opportunity to address matters which were not then properly in the case record. *State v. Dixon* (Oct. 9, 1995), Lucas C.P. No. CR93–7176, unreported.

Cynthia Dixon resided in Lucas County and was available for service of the indictment upon her from the time it was issued November 9, 1993 until March 30, 1995, approximately seventeen months later.

■ The Sixth Amendment guarantee that in all criminal prosecutions "the accused shall enjoy the right to a speedy and public trial" is not limited in scope to the period following formal arrest. *Doggett v. United States* (1992), 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520. The United States Supreme Court adopted a balancing test which identified four factors to be weighed in determining whether a defendant's right to a speedy trial has been violated between indictment and arrest: (1) whether the delay was uncommonly long, (2) which party was responsible for the delay, (3) whether defendant timely asserted speedy trial rights, and (4) whether defendant suffered prejudice. *Barker v. Wingo* (1972), 407 U.S. 514, 530, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101, 113.

■ In this case, even if the failure to serve the indictment is characterized as "mere negligence" the state has not shown a good reason for delaying seventeen months in serving an indictment upon Dixon, a county resident.[2] Such a delay can be considered presumptively prejudicial.

■ *Barker* also identified three interests which the speedy trial right was designed to protect: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker,* 407 U.S. at 532, 92 S.Ct. at 2193, 33 L.Ed.2d at 115. Dixon was not in custody during the seventeen months and had no knowledge of the indictment's issuance. The first two interests are thus inapplicable to her situation.

At the hearing, Dixon testified that after she was arrested in March 1995, over a year and a half from the event, she first attempted to locate a potential witness by placing an ad in The Toledo Blade. She received one response, but when her attorney attempted to send a letter to the potential witness, the envelope was returned unopened. On two separate occasions, Dixon went to the apartment complex where the individual once resided and knocked on doors to try and locate

---

2. In *State v. Behymer* (1992), 80 Ohio App.3d 791, 610 N.E.2d 1126, twenty-two months was found to be an "unjustifiable" delay, when there was no evidence that defendant attempted to avoid prosecution or was unavailable for arrest on the charge; *State v. Kelly* (1995), 101 Ohio App.3d 700, 656 N.E.2d 419 (fifteen-month delay is presumptively prejudicial); *State v. Grant* (1995), 103 Ohio App.3d 28, 658 N.E.2d 326 unreported (delay of seventeen months). Furthermore, in a footnote in *Doggett,* the United States Supreme Court noted that depending on the nature of the charges, lower courts have generally found postaccusation delay "presumptively prejudicial," at least as it approaches one year. *Doggett, supra,* at fn. 1.

him. She was told he had moved to an unknown location. Dixon testified that this man, who had said at the scene she was "not at fault," would greatly aid in her defense. The passage of so much time between the date of the accident and the service of a criminal indictment severely impairs her ability to meet the charges against her. Inability of a defendant such as she to adequately prepare a case "skews the fairness of the entire system." *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193, 33 L.Ed.2d at 115.

Based upon the credible testimony of Cynthia Dixon, the court finds that the state's delay of seventeen months in serving the indictment prejudicially affected the defendant. She was never notified that a criminal case had been filed against her and, therefore, had no reason to keep track of potential witnesses. In fact, an exculpatory witness who defendant testified was present in July 1993 and who answered her ad can no longer be located. This prosecutorial delay also denied Dixon due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and Section 15, Article I of the Ohio Constitution. See *Dickey v. Florida* (1970), 398 U.S. 30, at 37–38, 90 S.Ct. 1564, 1568–69, 26 L.Ed.2d 26, at 31.

For all the foregoing reasons defendant's motion to dismiss the indictment is granted.

## JUDGMENT ENTRY

It is ORDERED that the motion to dismiss the indictment filed by the defendant, Cynthia Dixon, is GRANTED. The bond is ordered released to defendant.

THIS IS A FINAL APPEALABLE ORDER. No just cause for delay.

*Motion to dismiss granted.*