DECISION AND JUDGMENT ENTRY
This is an appeal from the ruling of the Ross County Court of Common Pleas, denying the Defendant-Appellant Lance Miller's motion to dismiss his indictment for aggravated robbery in violation of R.C. 2911.01, with a firearm specification. Following a plea of no contest, the trial court found the appellant guilty of the charges in the indictment. Appellant argues that his right to a speedy trial, provided by the Ohio and United States Constitutions and R.C. 2945.71(C), was violated and, therefore, the trial court erred in overruling appellant's motion to dismiss. We find appellant's arguments to be without merit and affirm the judgment below.
On December 20, 1991, a bank robbery occurred in Clarksburg, Ohio. At some point following the bank robbery, appellant was suspected to have participated in this robbery. He moved to Ormond by the Sea, Florida, in April 1992, where he resided until he moved back to Ohio in June 1994. Throughout this time period, the investigation into the robbery continued, and law enforcement officials attempted to obtain incriminating evidence concerning the appellant's participation in that robbery.
In May 1995, appellant surrendered to federal agents in Greenfield, Ohio. Appellant was then transported to Florida to face federal drug charges. At about this same time, he apparently began cooperating with federal prosecutors. In that same month, appellant was sentenced to thirty-six months in prison on Florida state drug charges. Appellant was transferred between several county jails in Florida and ultimately received a fifty-one month sentence on federal drug charges on October 18, 1995. This sentence was to be served concurrently with his state sentence. Following his federal sentencing, appellant remained in Florida at the Lake County Jail.
On December 1, 1995, the Ross County Grand Jury returned an indictment against appellant, charging him with one count of aggravated robbery, in violation of R.C. 2911.01, with a firearm specification, under R.C.2929.71[1] and 2941.141. On March 13, 1996, Ross County requested that the Lake County Sheriff's Office, in Florida, hold the appellant for extradition to Ohio. Attached to that request, were a copy of the Ross County Indictment and the warrant on that indictment.
Appellant was made aware of the Ross County holder on aggravated robbery charges on March 15, 1996. The day after he was informed of the Ohio charges, appellant was in a Florida court and claims to have waived extradition. However, there were no signed extradition papers furnished to the trial court, and the transcript of that hearing, which the trial court had, did not indicate that the appellant had waived extradition. In the end, the extradition to Ohio was never pursued.
Appellant was then transferred to the Tallahassee Federal Prison, where he remained for about one year. He was subsequently transferred to a federal prison in Manchester, Kentucky. Appellant was released on September 16, 1998, and was served with a copy of the indictment, arrested, transported to Ohio and ultimately entered a plea of not guilty when he was arraigned on these Ohio charges on September 17, 1998, in the Ross County Court of Common Pleas. The court set the appearance bond for appellant at the conclusion of this hearing.
Appellant was released on bond, and on October 22, 1998, he filed a motion to dismiss, on the grounds that his prosecution would be in violation of his constitutional and statutory speedy trial rights. On February 17, 1999, the Ross County Court of Common Pleas held a hearing on the appellant's motion to dismiss, where the previously stated facts were established through the testimony given and exhibits admitted at that hearing.
The trial court denied appellant's motion to dismiss, and appellant subsequently entered a plea of no contest to the charges in the indictment. The trial court found him guilty of the charges and sentenced appellant to prison for an indefinite period of five to twenty-five years for aggravated robbery and three years of actual incarceration for the firearm specification. The sentence for the firearm specification was to be served consecutive with and prior to the sentence imposed for the aggravated robbery charge.
Appellant filed a timely notice of appeal and presents the following assignment of error for our review:
 I. THE TRIAL COURT ERRED IN OVERRULING [DEFENDANT'S] MOTION TO DISMISS.
The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *." This protection has been held to be applicable to state criminal proceedings through theFourteenth Amendment. Klopfer v. North Carolina (1967), 386 U.S. 213, 87 S.Ct. 988. Section 10, Article I, Ohio Constitution provides similar protection.
The United States Supreme Court has held, however, that speedy trial rights under the Sixth Amendment do not apply to preindictment delays.United States v. Marion (1971), 404 U.S. 307, 92 S.Ct. 455. Therefore, there is no violation of appellant's rights under the United States Constitution by the passage of time between the date the crime was committed and his indictment for it.
On the other hand, the Supreme Court of Ohio has held that Section 10, Article I, Ohio Constitution does apply to some preindictment delays, but only where the defendant was subjected to official prosecution or official accusation prior to indictment. State v. Selvage (1997),80 Ohio St.3d 465, 466, fn. 1, 687 N.E.2d 433, 435, fn. 1; State v. Luck
(1984), 15 Ohio St.3d 150, 153, 472 N.E.2d 1097, 1101. In the record of the present case, we find no evidence to support the contention that any violation of appellant's speedy trial rights occurred by virtue of the four-year passage of time between the commission of the crime and appellant's indictment for it. There is no evidence that appellant was the subject of official prosecution prior to his indictment on December 1, 1995.
Appellant also argues that the time period that passed between his indictment and service of indictment violated his rights to a speedy trial under the Ohio and United States Constitutions. Regarding this assertion, the court must consider the United States Supreme Court's decision in Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182. Barker
establishes a balancing test between the four following factors: 1) the length of the delay, 2) the reason for the delay, 3) the defendant's assertion of his right, and 4) the prejudice to the defendant. Id. at 530, 92 S.Ct. at 2192. These factors must be "considered together with such circumstances as may be relevant." Id. at 533, 92 S.Ct. at 2193. The Supreme Court of Ohio has also adopted this test to determine if an individual's speedy trial rights have been denied. State v. Selvage
(1997), 80 Ohio St.3d 465, 687 N.E.2d 433; State v. Behymer (1992),80 Ohio App.3d 791, 792, 610 N.E.2d 1126, 1127.
The first factor, length of delay, acts as a triggering mechanism.Barker v. Wingo, 407 U.S. at 530, 92 S.Ct. at 2192. Before the court reaches the balancing test, a delay between the indictment and trial must first be "presumptively prejudicial" before it will trigger an inquiry into the four factors. Id. As the delay approaches one year, it is generally found to be presumptively prejudicial, triggering the Barker
analysis. Doggett v. United States (1992), 505 U.S. 647, 652,112 S.Ct. 2686, 2690-2691. Since a delay of nearly four years passed between appellant's indictment and his arrest, the court correctly found that theBarker test was triggered. We, therefore, must examine the remaining factors comprising the Barker, test. Id.
As previously noted, the length of delay in this case was over three years. The Ross County Grand Jury handed down the indictment on December 1, 1995, and the appellant was arraigned on September 17, 1999. During that time, Ross County authorities were apparently aware of, or could easily have discovered, the whereabouts of the appellant. As the trial court properly concluded, this factor weighs in favor of the appellant.
The reason for the delay was that the appellant was incarcerated in a federal prison for two years prior to his arrest on the aggravated robbery charge. There is no evidence in the record that prosecutors and law enforcement in Ohio deliberately delayed the appellant's arrest. Also, the investigation of the case remained open until the indictment was secured in December 1995. Testimony shows that law enforcement officials became aware of appellant's incarceration in Florida in early 1996 and caused a letter and a copy of the indictment to be transmitted to the jail. As the trial court properly concluded, there is nothing in the record to suggest that the delay on the part of the county was overly extended, improper, or intentional. This factor, therefore, weighs in favor of the state.
As to the appellant's assertion of his right to a speedy trial, the only evidence is that he testified that he waived extradition while he was in Florida. However, as the trial court noted, there is no evidence in the record of any such hearing being held in Florida to lend support to appellant's unconfirmed assertion that such a hearing did, indeed, take place. Appellant casually contacted a Florida attorney to seek out information regarding extradition, but he never hired the attorney, nor did he formally pursue this right in any other manner. Appellant did not assert a violation of his right to a speedy trial until he filed his motion to dismiss before the Ross County Court of Common Pleas.
Finally, there is no evidence of actual prejudice to the appellant. This final prong takes into account the three reasons behind the right to a speedy trial. This right is meant to prevent oppressive pretrial incarceration, minimize the anxiety and concern of the accused, and limit the possibility that the defense will be impaired. Barker v. Wingo
(1972), 407 U.S. 514, 532, 92 S.Ct. 2182, 2193. "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Id.
The present case provides no evidence of actual prejudice such as lengthy pretrial confinement by the prosecuting authorities, anxiety or concern regarding the possible prosecution, or loss of witnesses or other evidence due to the delay. However, the United States Supreme Court has recognized that showing actual impairment to the defense may be very hard, "because time's erosion of exculpatory evidence and testimony can `rarely be shown'." Doggett v. United States (1992), 505 U.S. 647, 655,112 S.Ct. 2686, 2692-2693, quoting Barker at 532, 92 S.Ct. at 2193. TheDoggett court held that an excessive delay presumptively compromises the reliability of a trial, but this presumptive prejudice is not sufficient to uphold a speedy trial right claim on its own. Id.
Viewing all four factors, together with the circumstances of this case, we agree with the trial court that appellant's speedy trial rights under the Ohio and United States Constitutions were not violated.
Finally, appellant argues that his statutory rights under R.C. 2945.71et seq., were violated. The statute provides, in part, that a person charged with a felony "shall be brought to trial within two hundred seventy days after his arrest." R.C. 2945.71(C)(2). The two hundred seventy day period does not begin to run until the accused "has been arrested on a pending charge; this requires both an arrest and a commencement of criminal proceedings by filing of a charging instrument."State v. Lewis (May 6, 1982), Cuyahoga App. No. 43987, unreported.
Appellant argues that he was arrested, for the purposes of this statute, in March 1996, when Florida law enforcement officials notified him of the indictment in Ohio. Appellant, however, was indicted on December 1, 1995, and was officially arrested and served the indictment on September 16, 1998. Therefore, the two hundred seventy-day period began running when appellant was served with the indictment and arrested on September 16, 1998. See Lewis, supra. Hence, there was no violation of appellant's speedy trial rights under R.C. 2945.71.
Even if we were to accept appellant's argument that the time limitation began to run in March 1996, which we do not, there still would be no violation of his statutory speedy trial rights because of his incarceration outside of Ohio during that time. R.C. 2945.72(A) provides that the two hundred seventy day time period may be extended by "[a]ny period during which the accused is unavailable for hearing or trial, * * * by reason of his confinement in another state, * * * provided that the prosecution exercises reasonable diligence to secure his availability." The time limitation is tolled pursuant to this statute when a criminal defendant is not available for trial because he is incarcerated in another jurisdiction. State v. Reitz (1984), 26 Ohio App.3d 1,498 N.E.2d 163.
Accordingly, appellant's assignment of error is OVERRULED. The ruling on the motion to dismiss of the Ross County Court of Common Pleas is AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the ROSS COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAILPREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure to appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
David T. Evans, Judge.
Abele, P.J., and Kline, J. Concur in Judgment Only.
[1] Since the appellant was charged with an offense that occurred in 1991, he was sentenced in accordance with R.C. 2929.71, which has subsequently been repealed.