[Cite as *State v. Coleman*, 2014-Ohio-1498.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                    )
                                  )        CASE NO.  13 CO 3
        PLAINTIFF-APPELLEE,       )
                                  )
        - VS -                    )        OPINION
                                  )
JEFFREY D. COLEMAN,               )
                                  )
        DEFENDANT-APPELLANT.      )


CHARACTER OF PROCEEDINGS:          Criminal Appeal from Common Pleas
                                   Court, Case No. 11 CR 216.


JUDGMENT:                          Affirmed.


APPEARANCES:
For Plaintiff-Appellee:            Attorney Robert L. Herron
                                   Prosecuting Attorney
                                   Attorney John Gamble
                                   Asst. Prosecuting Attorney
                                   105 S. Market Street
                                   Lisbon, OH  44432

For Defendant-Appellant:           Attorney Douglas King
                                   91 West Taggart Street
                                   P.O. Box 85
                                   East Palestine, OH  44413


JUDGES:
Hon. Mary DeGenaro
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

                                   Dated:  March 31, 2014

DeGenaro, P.J.

**{¶1}** Defendant-appellant Jeffrey Coleman appeals the January 4, 2013 judgment of the Columbiana County Court of Common Pleas, which following Coleman's no contest plea, convicted him of one count of operating a vehicle under the influence of alcohol or drugs (OVI), and sentenced him accordingly. On appeal, Coleman asserts that the trial court erred by denying his motion for discharge on speedy trial grounds, as well as his motion to suppress. Upon review, Coleman's two assignments of error are meritless. Coleman's speedy trial rights were not violated as the time did not commence until he was formally charged with felony OVI by the indictment, nor was Coleman prejudiced by pre-indictment delay. Further, the trial court did not err in denying the motion to suppress. Accordingly, the judgment of the trial court is affirmed.

### Facts and Procedural History

**{¶2}** On August 27, 2010, Jeffrey Coleman was arrested and later convicted of obstructing official business. This conviction stemmed from Coleman's actions when officers from the St. Clair Township Police Department were attempting to execute an arrest warrant on another individual. While waiting outside an apartment to execute the warrant, police witnessed Coleman operate his truck by parking in front of the apartment. Upon arresting Coleman for the obstruction charge and placing him inside the police vehicle in order to transport him to the police station on that charge, Officer Davis smelled alcohol on his person and Coleman admitted to drinking prior to the arrest.

Upon arrival at the station, Coleman performed field sobriety tests under Davis' instruction. Based upon those results and other observations, Davis advised Coleman that he was also under arrest for OVI. Davis then read Coleman the Ohio Bureau of Motor Vehicles (BMV) Form 2255 advising him of the consequences of failing or refusing to take a breathalyzer. Coleman signed the form and refused a breath test. Davis transported Coleman to an area hospital for a blood draw and Coleman was then released from custody. This appeal focuses on the separate felony OVI offense arising from that date.

**{¶3}** Almost one year later, on August 26, 2011, Coleman was indicted for two

counts of operating a vehicle under the influence of drugs and/or alcohol in violation of R.C. 4511.19(A)(1)(j) and (A)(1)(a), both fourth degree felonies.

**{¶4}** On December 5, 2011, Coleman filed a motion for discharge alleging violations of his right to a speedy trial pursuant to R.C. 2945.73(B), as well as the United States and Ohio Constitutions, based upon an arrest date of August 27, 2010. In response, the State argued that the correct date from which to calculate the speedy trial time was August 31, 2011, the date Coleman was arrested on his OVI indictment. Coleman further argued that his right to a speedy trial was violated since the State had the evidence necessary to indict him, but failed to do so until a year after the acquisition of that evidence. Alternatively, Coleman argued if he was not under arrest on August 27, 2010, then he was the subject of an illegal search and seizure when his blood was taken without either a warrant or his consent. Coleman attached the BMV Form 2255 issued to him on August 27, 2010.

**{¶5}** On February 1, 2012, the trial court overruled the motion for discharge concluding that while Coleman was arrested on August 27, 2010, this was not the beginning of "continuous, actual restraints" on his liberty and being held to answer to a criminal charge as outlined by the Ohio Supreme Court. Accordingly, the trial court held this date did not "equal an arrest for purposes of the time limitations contained in R.C. 2945.71(C)(2)."

**{¶6}** On February 6, 2012, Coleman filed a motion to suppress, arguing that at the time of his original arrest on August 27, 2010, all evidence gathered was done without consent and without a proper warrant. Alternatively, Coleman argued that "the State lacked probable cause so as to form a reasonable articulable suspicion that Coleman operated a vehicle while impaired or with a prohibited level of alcohol or drugs in his system." Moreover, Coleman argued that any statements taken from him were obtained in violation of his Fifth, Sixth, and Fourteenth Amendment rights.

**{¶7}** On February 9, 2012, Coleman executed a waiver of his speedy trial time.

**{¶8}** On March 29, 2012, the court held a suppression hearing. The State first called Officer Chris Davis, who testified that on August 27, 2010, he was attempting to serve an arrest warrant at an apartment in East Liverpool, Ohio. While at the apartment

Davis saw Coleman operating his truck before parking it and continuing into the apartment. Davis received permission to search the apartment and found the subject of the warrant hiding in the kitchen behind cabinets. Coleman was arrested for obstructing official business due to his role in concealing the subject.

{¶9} Davis testified that when he arrested Coleman for the obstructing charge and put him in the patrol car, he noticed a strong smell of alcohol. Coleman admitted that he drank two beers at which time Davis advised him of his constitutional rights. At the police station, Davis administered the Horizontal Gaze Nystagmus (HGN), walk-and-turn, and one-leg stand tests on Coleman. Davis was trained in conducting these tests which were proposed and approved by the National Highway Safety Training Administration (NHSTA). Based upon the results, his personal observations, training and experience, Davis opined that Coleman was impaired. Davis advised Coleman that he was under arrest for operating a vehicle while intoxicated. Davis read the BMV Form 2255 to Coleman who appeared to understand and signed it, and then refused a breath test. After having determined Coleman had multiple prior convictions for OVI, Davis transported Coleman to East Liverpool City Hospital where his blood was drawn and later sent for processing at the Ohio State Highway Patrol Lab in Columbus, Ohio.

{¶10} On cross examination Davis admitted that he did not see Coleman commit any violations while driving the pickup truck and conceded that he has not had any training on the NHSTA tests for several years. Davis further explained that Coleman was not issued a uniform traffic citation for any violation on this date, and that Coleman's license was suspended because he refused to submit to a breathalyzer test.

{¶11} On May 3, 2012, the court overruled Coleman's motion to suppress, finding that based upon the evidence and totality of the circumstances, Officer Davis had probable cause to arrest Coleman for an OVI offense on August 27, 2010. Further, the court found that Coleman was adequately advised of his *Miranda* rights.

{¶12} Ultimately, Coleman pled no contest to the charge of operating a vehicle under the influence, a felony of the fourth degree. On January 4, 2013, he was sentenced to imprisonment for nine months, a five-year license suspension, and a fine of $1,350.00. Coleman filed a timely notice of appeal and this court subsequently

granted a stay only as to Coleman's term of imprisonment.

## Speedy Trial

**{¶13}** In his first of two assignments of error, Coleman asserts:

**{¶14}** "The trial court erred in overruling defendant/appellant's motion for discharge."

**{¶15}** Coleman argues that his statutory right to a speedy trial was violated and that the arrest on August 27, 2010, triggered the time within which he had to be brought to trial. Conversely, the State contends that the time did not start until Coleman was formally indicted and arrested on that indictment approximately one year later.

**{¶16}** A criminal defendant has a fundamental right to a speedy trial, guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, ¶14. Pursuant to R.C. 2945.71(C)(2), an individual against whom a felony has been charged, "shall be brought to trial within two hundred and seventy days after the person's arrest." Moreover, "[u]pon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by Sections 2945.71 and 2945.72 of the Ohio Revised Code." R.C. 2945.73(B).

**{¶17}** A charge is not pending against an individual for purposes of speedy trial time calculation "until the accused has been formally charged by a criminal complaint or indictment, is held pending the filing of charges, or is released on bail or recognizance." *State v. Azbell,* 112 Ohio St.3d 300, 2006-Ohio-6552, 859 N.E.2d 532, ¶21. In *Azbell*, the court analyzed whether the speedy-trial clock under R.C. 2945.71 runs between the time a person is arrested and released with no charges being filed and the later filing of an indictment based upon the same incident. *Id.* ¶9; 20-21. The Supreme Court held that the speedy-trial clock did not begin to run until the filing of the indictment because the defendant "was never subject to 'actual restraints imposed by arrest and holding to answer a criminal charge.'" *Id.* at ¶20, quoting *U.S. v. Marion*, 404 U.S. 307, 320, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

**{¶18}** Coleman was originally arrested on August 27, 2010. After evidence was

collected in furtherance of filing felony OVI charges, Coleman was released without being formally charged. The indictment for felony OVI was not filed until August 26, 2011 and Coleman was arrested on that indictment and released on a recognizance bond five days later. Pursuant to *Azbell*, Coleman did not become a "person against whom a charge of felony is pending" until he was arrested on the OVI indictment on August 31, 2011. Coleman attempts to distinguish his case from *Azbell* on two grounds: (1) that his driver's license was suspended and (2) his blood was taken. While these are distinctions, neither are "actual continuing restraints" on Coleman's liberty as discussed in *Azbell.*

**{¶19}** As such, pursuant to R.C. 2945.71(C)(2), Coleman had to be brought to trial within two hundred and seventy days from August 31, 2011. One hundred and sixty-two days later on February 9, 2012, Coleman executed a waiver of all statutory speedy trial limits. Accordingly there was no violation of Coleman's statutory right to a speedy trial.

**{¶20}** Coleman further argues that the near twelve month lapse in time between arrest and indictment was prejudicial and in violation of his constitutional right to a speedy trial. The Due Process Clause of the Fifth Amendment, applicable to the states via the Fourteenth Amendment has a limited role in protecting against oppressive pre-indictment delay. *United States v. Lovasco*, 431 U.S. 783, 789, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). A balancing test, set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), is used to analyze constitutional speedy trial claims consisting of four factors: 1) the length of the delay; 2) the reason for the delay; 3) how and when the defendant asserted his right to a speedy trial; and 4) whether the defendant suffered prejudice from the delay. *Id.* at 530-532. The Supreme Court of Ohio has also adopted this test to determine whether an individual's speedy trial rights have been denied. *State v. Selvage*, 80 Ohio St.3d 465, 687 N.E.2d 433 (1997); *State v. Behymer*, 80 Ohio App.3d 791, 792, 610 N.E.2d 1126 (1992).

**{¶21}** Coleman has neither alleged nor proven that he suffered any prejudice from the delay in issuance of the indictment. Further, pursuant to *Selvage*, the rule in Ohio is that a defendant may only assert violation of his pre-indictment speedy trial

rights if the state has actually initiated its criminal prosecution prior to indictment. *Selvage,* supra, 80 Ohio St.3d at 466. Coleman was not criminally charged with OVI prior to his indictment. As such, there was no violation of Coleman's constitutional right to a speedy trial. Accordingly, his first assignment of error is meritless.

### Motion to Suppress

**{¶22}** In his second of two assignments of error, Coleman asserts:

**{¶23}** "The trial court erred in denying defendant/appellant's motion to suppress as filed herein on February 6, 2012."

**{¶24}** An appellate review of the trial court's decision on a motion to suppress involves a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶8. "The standard of review with respect to a motion to suppress is limited to determining whether the trial court's findings are supported by competent, credible evidence." *State v. Billiter*, 7th Dist. No. 10 MO 5, 2012-Ohio-4551, ¶9, citing *State v. Culberson*, 142 Ohio App.3d 656, 660, 756 N.E.2d 734 (7th Dist.2001); *State v. Lloyd*, 126 Ohio App.3d 95, 100, 709 N.E.2d 913 (7th Dist.1998). "Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard." *State v. Retherford*, 93 Ohio App.3d 586, 592, 639 N.E.2d 498 (2d Dist.1994).

**{¶25}** Coleman argues that if his first assignment of error is overruled then the court has sub silentio determined that there was no OVI arrest on August 27, 2010. Consequently, Coleman opines that if there was no arrest for purposes of conducting an OVI investigation then the results of his blood test should have been suppressed because they were garnered as an unreasonable search and seizure. This is a mischaracterization of the facts in this case and the applicable law. Coleman was indeed arrested for OVI on August 27, 2010, which was testified to by Officer Davis and properly made as a finding by the trial court.

**{¶26}** "R.C. 4511.191(A) provides that a person operating a vehicle in Ohio on 'a highway or any public or private property used by the public for vehicular travel or parking' is deemed to have given consent for the administration of chemical tests to

determine a level of alcohol consumption or drug use." *State v. King*, 1st Dist. No. C-010778, 2003-Ohio-1541, ¶19. A person arrested for one of the OVI offenses listed in that section must submit to a blood alcohol level test if requested by a law enforcement officer. R.C. 4511.191(A)(5)(a). The law enforcement officer who made the request may resort to "whatever reasonable means are necessary" to ensure submission to the test if that person refuses to submit to the test. *State v. Tackett*, 11th Dist. No. 2012-A-0015, 2013-Ohio-4286, ¶28 citing R.C. 4511.191(A)(5)(b). "[A] valid arrest must precede the seizure of a bodily substance, including a blood draw, and must precede an implied consent given based upon Form 2255." *State v. Rice*, 129 Ohio App.3d 91, 98, 717 N.E.2d 351 (7th Dist.1998).

**{¶27}** Officer Davis placed Coleman under arrest for OVI. He completed the Ohio BMV Form 2255 advising him of the consequences of failing or refusing to take a breathalyzer. Davis testified that Coleman understood the form and signed it where it indicated that the advice on the form was read to him and that he received a copy. After having determined Coleman had multiple prior convictions for OVI, he transported him to the hospital for a blood draw pursuant to statute. Consequently Coleman was validly placed under arrest triggering the implied consent provisions of R.C. 4511.191. As Coleman was arrested the seizure of his blood to ascertain the alcohol content level was proper.

**{¶28}** Coleman alternatively argues that Officer Davis lacked reasonable suspicion to conduct field sobriety tests and probable cause to arrest him for OVI. These arguments are meritless. Coleman admitted drinking alcohol and the smell of alcohol was on his person, both of which provided sufficient grounds for the officer to have reasonable suspicion which warranted further investigation. "Reasonable suspicion of criminal activity is all that is required to support further investigation." *State v. Bobo*, 37 Ohio St.3d 177, 524 N.E.2d 489 (1988).

**{¶29}** "The standard for determining whether there was probable cause to arrest for OVI is whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." *State v.*

*Bish*, 191 Ohio App.3d 661, 674, 947 N.E.2d 257 citing *State v. Homan*, 89 Ohio St.3d 421, 427, 732 N.E.2d 952 (2000)(superseded by statute on other grounds as stated in R.C. 4511.19(D)(4)(b)). "That determination is based on the totality of the facts and circumstances surrounding the arrest." *Id.* The determination of probable cause is a legal issue that is reviewed de novo. *State v. May*, 7th Dist. No. 2011-Ohio-6637, 970 N.E.2d 1029, ¶28.

**{¶30}** In the present case, Coleman smelled of alcohol, admitted consumption of alcohol, and demonstrated indicators of impairment on the field sobriety tests. Coleman argues that the test results are invalid because Officer Davis's administration of the field sobriety tests did not substantially comply with NHSTA standards; however, Coleman fails to argue on appeal exactly how. In order to challenge the field sobriety tests, Coleman had to allege with specificity and particularity how the tests did not conform to NHSTA standards. *State v. Bish*, 191 Ohio App.3d 991, 2010-Ohio-6604, 947 N.E.2d 257, ¶15-17. Accordingly, the trial court properly denied the suppression motion, and Coleman's second assignment of error is meritless.

**{¶31}** In conclusion, Coleman was not arrested on the felony OVI indictment until August 31, 2011, thus the speedy trial time did not commence until that date, and he later waived his speedy trial rights before the time had run. Further, Coleman suffered no prejudice from the delay in his indictment. Finally, the denial of the motion to suppress was proper; the officer had reasonable articulable suspicion to conduct field sobriety tests and probable cause to arrest Coleman for OVI. Accordingly, the judgment of the trial court is affirmed.

Vukovich, J., concurs.

Waite, J., concurs in judgment only.