THE STATE OF OHIO, APPELLANT, *v*. SELVAGE, APPELLEE.

[Cite as *State v. Selvage* (1997), ___ Ohio St.3d ___.]

*Criminal law — Statutory periods of limitations not relevant to determination of whether individual's constitutional right to speedy trial has been violated by an unjustified delay in prosecution.*

Statutory periods of limitations are not relevant to a determination of whether an individual's constitutional right to a speedy trial has been violated by an unjustified delay in prosecution.

(No. 96-1386 — Submitted October 7, 1997 — Decided December 31, 1997.)

APPEAL from the Court of Appeals for Montgomery County, No. 15530.

Tina R. Selvage, appellee, allegedly made two sales of marijuana to undercover police officers, one on March 17, 1994 and one on March 23, 1994. The alleged purchases were part of an extensive, ongoing narcotics investigation. As a result of the purchases, Officer Patrick Rice of the Huber Heights Police Department filed a criminal complaint against appellee on June 7, 1994 in the Common Pleas Court of Montgomery County. In an effort to preserve the anonymity of the officers involved in the investigation, the state did not pursue the complaint at that time, and appellee was never served. Thereafter, in April 1995, appellee was indicted on felony charges stemming from the March 1994 alleged sales of marijuana.

At appellee's June 6, 1995 arraignment, after the reading of the indictment was waived, appellee, while present in court and with counsel, failed to enter a plea to the charges. As a result, the trial court, *sua sponte*, entered a not guilty plea on her behalf.

On July 6, 1995, appellee filed a motion to dismiss the charges, claiming that the delay in bringing the indictment constituted a violation of her right to a speedy trial. A hearing on the motion to dismiss was held on September 8, 1995. From the testimony taken at the hearing, the trial court concluded that the delay in bringing the indictment did violate appellee's speedy trial rights and granted the motion to dismiss. In its order dated September 29, 1995, the trial court held that the thirteen-month delay between the alleged commission of the crimes and appellee's indictment and the ten-month delay between the filing of the criminal complaint and appellee's indictment were prejudicial to appellee. The court found appellee's assertion that she had no recollection of the events in question compelling evidence that she was prejudiced in her defense.

On May 17, 1996, the Montgomery County Court of Appeals affirmed the judgment of the trial court and adopted the trial court's order as its opinion. The state of Ohio, appellant, filed a notice of appeal with this court on June 17, 1996.

The matter is now before this court pursuant to the allowance of a discretionary appeal.

_____

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *George A. Katchmer*, Assistant Prosecuting Attorney, for appellant.

*Lynn G. Koeller*, Montgomery County Public Defender, and *Anthony R. Cicero*, Assistant Public Defender, for appellee.

_____

**DOUGLAS, J**. The sole question in this case is whether a statutory period of limitations for commencing a criminal prosecution is dispositive of an individual's constitutional right to a speedy trial. Appellant contends that because appellee was indicted within the statutory period of limitations for commencing a criminal

2

prosecution under R.C. 2901.13, the trial court and the court of appeals erred as a matter of law in determining that appellee's speedy trial rights had been violated. In effect, appellant argues that appellee could not have been prejudiced by any delay in commencing prosecution when that delay did not exceed the six-year limitations period for felony offenses contained in R.C. 2901.13(A)(1). We disagree and hold that statutory periods of limitations are not relevant to a determination of whether an individual's constitutional right to a speedy trial has been violated by an unjustified delay in prosecution. Accordingly, and for the reasons that follow, we affirm the judgment of the court of appeals.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *." This provision has been held to be applicable to state criminal trials via the Fourteenth Amendment. *Klopfer v. North Carolina* (1967), 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1. The Ohio Constitution provides similar protection. See Section 10, Article I. In *State v. Meeker* (1971), 26 Ohio St.2d 9, 55 O.O.2d 5, 268 N.E.2d 589, paragraph three of the syllabus, this court held that "[t]he constitutional guarantees of a speedy trial *are applicable to unjustifiable delays in commencing prosecution,* as well as to unjustifiable delays after indictment."[1] (Emphasis added.)

In this action, the trial court determined that the delay in prosecuting appellee violated her constitutional right to a speedy trial. The trial court based its determination on the test used for analyzing speedy trial claims set forth in the seminal case of *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101. In *Barker*, the United States Supreme Court stated that "[a] balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis." *Id.* at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 116-117. The court identified four factors

which courts should assess in determining whether the right to a speedy trial has been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Id.* at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 117. Although the court stated that no one factor is controlling, *id.* at 533, 92 S.Ct. at 2193, 33 L.Ed.2d at 118, it noted that the length of the delay is a particularly important factor:

"The length of delay is to some extent a triggering mechanism. Until there is some delay which is *presumptively prejudicial*, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case. To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." (Emphasis added and footnote omitted.) *Id.* at 530-531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117.

Appellant argues that appellee's speedy trial rights could not have been violated because the length of the delay was not *presumptively* prejudicial, and the *Barker* analysis was therefore not triggered. In support of its argument, appellant relies on R.C. 2901.13, which provides time periods within which the state must commence criminal prosecutions:

"(A) Except as otherwise provided by this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:

"(1) for a felony other than aggravated murder or murder, six years."

Appellant contends that prejudice, presumptive or otherwise, cannot occur when an action is brought within the six-year period of limitations for the

4

commencement of a felony prosecution under R.C. 2901.13(A)(1). Thus, according to appellant, because appellee was indicted within six years of the alleged offense, *Barker* is inapplicable.

However, appellant's argument overlooks the fact that R.C. 2901.13 is a statute of *limitations*, not a prescribed minimum of time which must run before prejudicial delay can occur. In addition, the *Barker* court specifically rejected a fixed approach to speedy trial analysis by finding "no constitutional basis for holding that the speedy trial right can be quantified into a specified number of days or months." *Id.* at 523, 92 S.Ct. at 2188, 33 L.Ed.2d at 113. While acknowledging that states are free to set such time periods, the court stated that they must be reasonable and within constitutional standards. *Id*. at 523, 92 S.Ct. at 2188, 33 L.Ed.2d at 113. Adopting appellant's assertion that presumptive prejudice cannot arise until after the six-year statute of limitations contained in R.C. 2901.13 has expired would ignore the *Barker* court's recognition that prejudice to a defendant varies and ought to be reviewed on a case-by-case basis.

Further, the United States Supreme Court recognized in a later case, *Doggett v. United States* (1992), 505 U.S. 647, 652, 112 S.Ct. 2686, 2691, 120 L.Ed.2d 520, 528, fn. 1, that "courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year." In the instant action, there was a ten-month delay from the filing of the criminal complaint until appellee was indicted and a one-year delay from the filing of the criminal complaint until appellee was arraigned.

Appellant also argues that the trial court erred in finding that appellee suffered presumptive prejudice by relying on appellee's assertion that she could not recall her actions on the day that the alleged criminal acts occurred. Appellant contends that such an assertion of forgetfulness does not rise to the level of

5

presumptive prejudice required by *Barker* and therefore a more objective standard is required. According to appellant, that standard is the legislatively sanctioned period of limitations, as pointed out in *United States v. MacDonald* (1982), 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696. The United States Supreme Court stated in *MacDonald* that "[t]he Sixth Amendment right to a speedy trial is thus not primarily intended to prevent prejudice to the defense caused by passage of time; that interest is protected primarily by the Due Process Clause and by statutes of limitations." *Id.* at 8, 102 S.Ct. at 1502, 71 L.Ed.2d at 704. However, in *Doggett,* the court distinguished *MacDonald,* noting that "[o]nce triggered by arrest, indictment, *or other official accusation*, however, the speedy trial enquiry must weigh the effect of delay on the accused's defense just as it has to weigh any other form of prejudice that *Barker* recognized." (Emphasis added.) *Doggett,* 505 U.S. at 655, 112 S.Ct. at 2692, 120 L.Ed.2d at 530.

The appellee was formally accused when appellant filed the criminal complaint in June 1994. The filing of the criminal complaint triggered the speedy trial inquiry under *Barker.* If we were to adopt the standard put forth by appellant we would be disregarding the current status of the law as well as depriving appellee, and others like her, of the important safeguards guaranteed by the Sixth Amendment.[2] This we decline to do.

In addition, for purposes of the right to a speedy trial, "consideration of prejudice is not limited to the specifically demonstrable, and * * * affirmative proof of particularized prejudice is not essential to every speedy trial claim." *Doggett*, 505 U.S. at 655, 112 S.Ct. at 2692, 120 L.Ed.2d at 530. As the United States Supreme Court recognized in *Doggett*, "impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony 'can rarely be shown.' " *Id.* at 655, 112 S.Ct.

6

at 2692-2693, 120 L.Ed.2d at 530-531, quoting *Barker v. Wingo,* 407 U.S. at 532, 92 S.Ct. at 2193, 33 L.Ed.2d at 118.

In *Doggett*, the court stated that "[o]ur speedy trial standards recognize that pretrial delay is often both inevitable and wholly justifiable. The government may need time to collect witnesses against the accused, oppose his pretrial motions, or, if he goes into hiding, track him down. We attach great weight to such considerations when balancing them against the costs of going forward with a trial whose probative accuracy the passage of time has begun by degrees to throw into question. * * * Thus, in this case, if the government had pursued Doggett with reasonable diligence from his indictment to his arrest, his speedy trial claim would fail." *Id.*, 505 U.S. at 656, 112 S.Ct. at 2693, 120 L.Ed.2d at 531.

In the case at bar, if the state had pursued appellee with "reasonable diligence," the trial court's conclusion may have been different. However, the alleged transactions which led to appellee's indictment occurred in March 1994. A criminal complaint was filed against appellee three months later, in June 1994. Appellee was not indicted until April 1995, thirteen months after the date of the alleged occurrences, and ten months after the filing of the criminal complaint. Additionally, evidence before the trial court indicated that other persons implicated by the undercover investigation were first arrested in late September or early October 1994. Subsequent to these arrests, appellee was left in limbo for seven months and not given an opportunity to answer the criminal charge against her. These facts led the trial court to conclude that the state did not act with reasonable diligence in commencing prosecution against appellee.

In the proceedings on appellee's motion to dismiss, the trial court considered *Barker* and found that the delay in prosecuting appellee prejudiced her defense. There is no indication that the trial court abused its discretion in applying

7

the test and making its determination, and that determination will be accorded due deference.

Therefore, we hold that the trial court did not abuse its discretion in determining that appellee was deprived of her Sixth Amendment right to a speedy trial. The trial court did not err in determining that the delay in commencing prosecution in this case, when considered in light of the appellant's reason for the delay, was constitutionally unreasonable. We further find that appellee did not fail to assert her right to a speedy trial and that appellee was indeed prejudiced under the facts herein.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

## FOOTNOTES:

1. In *State v. Luck* (1984), 15 Ohio St.3d 150, 153, 15 OBR 296, 299, 472 N.E.2d 1097, 1101, this court limited the application of *Meeker* to those cases that are factually similar to it. We believe that the facts herein are analogous to *Meeker* and, thus, we find that the holding in *Meeker* is applicable to the instant matter. In *Luck*, the defendant was indicted nearly sixteen years after the offense. The court distinguished *Luck* from *Meeker* on the basis that the defendant in *Luck* "was not the subject of *any official prosecution*" until her indictment, so the court found that the delay between the offense and the indictment was not covered by the speedy trial guarantee. (Emphasis added.) *Id.* at 153, 15 OBR at 299, 472 N.E.2d at 1101. The appellee in this case, as well as the defendant in *Meeker*, was the subject of an official prosecution, *i.e.,* official accusation. Thus, the delay between accusation and indictment triggered the protection afforded by the Sixth

8

Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.

2. "Because the Court broadly assays the factors going into constitutional judgments under the speedy trial provision, it is appropriate to emphasize that one of the major purposes of the provision is to guard against inordinate delay between public charge and trial, which, wholly aside from possible prejudice to a defense on the merits, may 'seriously interfere with the defendant's liberty, whether he is free on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.'" *Barker v. Wingo* (1972), 407 U.S. 514, 537, 92 S.Ct 2182, 2195, 33 L.Ed.2d 101, 120-121 (White, J., concurring), quoting *United States v. Marion* (1971), 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468, 478.