OPINION
Appellant Stewart Sewell is appealing his conviction, in the Fairfield County Court of Common Pleas, of one count of aggravated trafficking. The following facts give rise to this appeal.
On November 16, 1995, appellant sold cocaine to an undercover agent. In May of 1996, a complaint was drafted charging appellant with selling cocaine. However, this complaint was not filed, in the Lancaster Municipal Court, due to lack of information. Appellant's last name, date of birth and social security number were unknown. The complaint was subsequently filed on August 8, 1996. On September 16, 1997, appellant turned himself into the authorities after learning there was a warrant for his arrest.
On September 26, 1997, the state nollied the complaint in the Lancaster Municipal Court because appellant agreed to become a confidential informant. Appellant failed to follow through with this agreement and on October 24, 1997, the Fairfield County Grand Jury indicted appellant on one count of aggravated trafficking. On November 5, 1997, appellant turned himself in on the charge contained in the indictment.
On January 8, 1998, appellant filed a motion to dismiss on the basis that his constitutional right to a speedy trial had been denied by the state's delay in prosecuting this matter. The trial court conducted a hearing on appellant's motion on February 12, 1998. On February 26, 1998, the trial court issued a judgment entry overruling appellant's motion to dismiss. Appellant filed a motion for reconsideration on March 4, 1998. The trial court overruled appellant's motion for reconsideration on March 16, 1998.
On April 17, 1998, appellant entered a no contest plea to the count contained in the indictment. The trial court accepted appellant's plea and sentenced appellant to eight months imprisonment but granted appellant's motion for community control. Appellant timely filed his notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT IMPROPERLY DENIED THE DEFENDANT'S MOTION TO DISMISS WHERE THE STATE'S DELAY IN PROSECUTING THE DEFENDANT AMOUNTED TO A CONSTITUTIONAL VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL.
 I
Appellant contends, in his sole assignment of error, the trial court erred when it overruled his motion to dismiss based upon a denial of his right to a speedy trial. We disagree.
As an appellate court, we must give great deference to the factual findings of a trial court. However, we must independently determine, as a matter of law, whether the trial court erred in applying the substantive law to the facts of the case. State v.Williams (1994), 94 Ohio App.3d 538, 543, citing State v. Klein
(1981), 73 Ohio App.3d 486, 488. It is based upon this standard that we review appellant's sole assignment of error.
The Sixth Amendment to the United States Constitution, as well as Section 10, Article I of the Ohio Constitution, guarantees the right to a speedy trial. In State v. Meeker (1971), 26 Ohio St.2d 9, the Ohio Supreme Court held that "[t]he constitutional guarantees of a speedy trial are applicable to unjustifiable delays in commencing prosecution, as well as to unjustifiable delays after indictment."
In Barker v. Wingo (1972), 407 U.S. 514, the United States Supreme Court set forth a balancing test, for speedy trial claims, which requires courts to approach speedy trial cases on an ad hoc
basis. The Court identified four factors which courts should consider in determining whether the right to a speedy trial has been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; (4) prejudice to the defendant. Id. at 530. The United States Supreme Court further explained:
 The length of delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case. To take but one example, the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge. (Footnote omitted.) Id. at 530-531.
In overruling appellant's motion to dismiss, the trial court found the delay between November, 1995 and April, 1996, to be reasonable to allow the state to continue to use the confidential informant and to protect the identity of the confidential informant. Judgment Entry, Feb. 26, 1998, at 4. Second, the trial court found the state used reasonable diligence in attempting to identify and locate appellant, between May and August, 1996, when the complaint was filed. Id. at 4. Finally, the trial court determined appellant was not prejudiced by this delay because appellant had no problem recollecting the incident when he talked to Detective Jones, in September 1997, when appellant agreed to be a confidential informant. Id. at 5.
In support of his sole assignment of error, appellant relies upon the case of State v. Selvage (1997), 80 Ohio St.3d 465. TheSelvage case presents facts similar to the case sub judice. InSelvage, the defendant made two sales of marijuana to undercover police officers on March 17, 1994, and March 23, 1994. As a result of these sales, a criminal complaint was filed in the trial court on June 7, 1994. In an effort to preserve the anonymity of the officers involved in the investigation, the state did not pursue the complaint at that time and the defendant was never served. Subsequently, in April 1995, the defendant was indicted on felony charges stemming from the March sales of marijuana. As a result of this lapse of time, the defendant filed a motion to dismiss which the trial court granted and the court of appeals affirmed.
On appeal to the Ohio Supreme Court, the Court reviewed the factors contained in Barker and concluded the defendant was denied her right to a speedy trial. The Court noted the three-month delay between the alleged marijuana sales and the filing of the criminal complaint. Id. at 469. The Court also noted the thirteen-month delay between the alleged sales and the issuance of the indictment and the ten-month delay between the filing of the criminal complaint and the issuance of the indictment. Id.
In applying the Court's analysis in Selvage to the case subjudice, we find appellant was not denied his right to a speedy trial. Under Barker, the first factor we must address is the length of delay. As set forth above, the length of delay is to some extent a triggering mechanism. In the case sub judice, there was approximately a two-year delay from the alleged date of the crime to the date an indictment was returned in October, 1997. We agree with the trial court's conclusion that this two-year delay is presumptively prejudicial. Judgment Entry, Feb. 26, 1998, at 2.
We also agree with the trial court that appellant reasonably asserted his right to a speedy trial under the Constitution. Id. We must next address the reason for delay. Detective Scott Jones testified, at the hearing, concerning the reason for the delay. Detective Jones stated that it is common practice not to immediately file drug charges when using a confidential informant, to protect the identity of the informant and allow the informant to continue to make purchases. Tr. Hrng. Feb. 12, 1998, at 45. Jones testified the police department terminated the informant used in appellant's case in April, 1996. Id. at 44.
At the time of the sale, in November 1995, the only information the state had concerning appellant's identity was his first name and the type of vehicle he was driving on the day of the sale and the license plate number of that vehicle. Id. at 52. Jones stated that after terminating the use of the confidential informant, he took steps to locate or identify appellant. Id. Between May, 1996, and August, 1996, Detective Jones ran the license plate number through the Bureau of Motor Vehicles and obtained the name of the owner of the vehicle. Id. Detective Jones contacted the owner of the vehicle, Chuck Ducksworth, who gave Detective Jones appellant's name. Id. at 53. Detective Jones obtained a photograph of appellant from the Bureau of Motor Vehicles. Id. Detective Story, the person who sold drugs to appellant, identified appellant from the photograph. Id. at 54.
Between May and August, 1996, Detective Jones visited the Columbus Police Department in an attempt to locate appellant and visited several addresses in Columbus. Id. Detective Jones also called the residence of appellant's mother and left his name and phone number for appellant to contact him. Id. at 55. Detective Jones learned that appellant was attending Wright State University, but when he contacted the university, he discovered appellant was no longer enrolled. Id. at 59.
In addition to the fact that appellant moved residences four times during this time period, Detective Jones did not know appellant's last name, birth date and social security number which precluded him from filing a criminal complaint. After his arrest in September 1997, appellant agreed to become a confidential informant. Id. at 25. However, appellant changed his mind and the Fairfield County Grand Jury eventually indicted appellant on October 24, 1997. This conduct, by appellant, also contributed to the delay.
Finally, we must review the issue of prejudice to appellant. Appellant testified that he did not have any recollections concerning the sale of drugs to Detective Jones. Id. Detective Jones testified that appellant had no problem recollecting the incident when he talked to appellant, in September 1997, when appellant agreed to be a confidential informant. Id. at 73. The trial court also noted there were tape recordings of the incident and appellant could obtain the details of the offenses through discovery and refresh his memory, if necessary. We agree with the trial court's conclusion that appellant was not prejudiced by this delay.
We find this case factually distinguishable from Selvage and conclude appellant was not denied his right to a speedy trial. The trial court properly denied his motion to dismiss.
Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P. J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.