OPINION
Defendant-Appellant Bruce G. Mantz was convicted of operating a motor vehicle while under the influence of alcohol pursuant to R.C. 4511.99, a misdemeanor of the first degree. Mantz appeals the trial court's denial of his motion to dismiss for violation of speedy trial rights.
On November 15, 1997, Mantz was involved in a serious automobile accident on Woodman Drive in Kettering, Ohio. Kettering Patrolman Jerry Czima was dispatched to the accident scene, and he arrived as paramedics and fire personnel were trying to extricate Mantz from his pick up truck. After having gathered witness statements, Czima arrived at Miami Valley Hospital several hours later to investigate the medical conditions of Mantz and the witnesses. At that time, Czima learned that Mantz was unconscious.
On November 19, 1997, Czima received a lab report indicating that Mantz's blood alcohol content at the time of the accident was above the legal limit. Czima did not issue Mantz a citation at that time, nor did he arrest Mantz because Mantz was still unconscious in the hospital. Czima continued to monitor Mantz's medical status on a weekly to a bi-weekly basis.
In January of 1998, Czima contacted Mantz's mother, who informed him that Mantz had regained consciousness on December 31, 1997, but that Mantz remained in a very serious condition. She told Czima that Mantz had been living in a nursing home receiving rehabilitative care since leaving the hospital. During that conversation, Mantz's mother requested that Czima do the "humanitarian thing" and wait to meet with Mantz until he had recovered enough to speak with Czima. Czima spoke with Sergeant James Rhea, and they decided to wait until Mantz was released from the nursing home before serving him with the citation, because until that time it would have been difficult for Mantz to appear in court. On March 11, 1998, Czima proceeded to Mantz's home and served him with a summons to appear in Kettering Municipal Court for operating a motor vehicle while under the influence of alcohol. At no time prior to this date was Mantz arrested, nor was he served with summons relating to this case.
Mantz entered a plea of not guilty on March 24, 1998. On March 30, 1998, Mantz filed a motion to dismiss based on a violation of his speedy trial rights, and the State filed its memorandum in opposition on April 7, 1998. Mantz's motion was heard by the court on April 8, 1998. Mantz submitted a memorandum in support of his motion to dismiss on April 17, 1998, and the State responded on April 22, 1998. On May 7, 1998 the trial court issued a written decision denying Mantz's motion to dismiss because Mantz had never been placed under arrest and he had not been served with summons until March 11, 1998. The trial court pointed out that the speedy trial provisions of R.C. 2945.71 had not been triggered until the March 11, 1998 service of summons.
Mantz was subsequently convicted of the charge on June 22, 1998, and on September 29, 1998 Mantz was sentenced to ten days in jail, a $200 fine, probation for five years, and a three year suspension of his driver's license. Mantz now timely appeals the trial court's overruling of his motion to dismiss.
 I.
The Appellant's right to a speedy trial has been violated.
In his sole assignment of error, Mantz argues that his speedy trial rights were violated because he was not arrested or served with summons at the first reasonable opportunity, but instead was served with summons four months after the accident had occurred. Mantz contends that regardless of the State's "humanitarian" reasons for delaying the process, he was prejudiced by the four month delay because the scene of the accident was no longer in the same condition, and any assistance an accident reconstructionist could have provided to his defense was no longer available. We do not agree.
R.C. 2945.71(B) (2) states:
 (B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:
* * *
 (2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.
In this case, Mantz was involved in the accident on November 15, 1997, for which he was served with summons on March 11, 1998 for the first degree misdemeanor of operating a motor vehicle while under the influence. There is no evidence in the record, nor does Mantz argue, that he was either arrested or served with summons prior to March 11, 1998. In fact, Czima testified that he had no communications with Mantz prior to March 11, 1998. Accordingly, the trial court was correct in determining that the delay between November 15, 1997 and March 11, 1998 did not constitute a violation of Mantz's speedy trial rights, as no charges were pending against Mantz during that period of time.
Additionally, Mantz relies on State v. Selvage (1997), 80 Ohio St.3d 465, to argue that a speedy trial violation had occurred because he was not arrested at the first reasonable opportunity. However, in Selvage, the court held that the thirteen month delay between the crime and the filing of the indictment and the ten month delay between the filing of the criminal complaint and the indictment violated the defendant's speedy trial rights because the state had failed to pursue the defendant with reasonable diligence. Id. The Supreme Court found that the filing of the criminal complaint had triggered the defendant's speedy trial inquiry. Id. Furthermore, the Selvage court held that the speedy trial guarantee does not apply to pre-indictment delays where the defendant has not been the subject of "official accusation." Id. at 466, n. 1, 468-469.
In this case, a citation was written by Czima, but it was not served upon Mantz until March 11, 1998, and it was not filed in Kettering Municipal Court until March 12, 1998. As such, no action of official prosecution was made against Mantz to trigger his speedy trial protections prior to March 11, 1998. However, even if he had been the subject of an official accusation, the State exercised reasonable diligence and served Mantz with summons upon its first opportunity. Only four months had passed between the accident and the date on which Mantz was served. It was not unreasonable for Czima to wait to serve Mantz with the summons until he was out of the hospital and the nursing home. Czima delayed the process upon the request of Mantz's mother and did so to ensure that Mantz was able to communicate with the officers and was physically able to appear in court. Thus, because no speedy trial rights were violated, Mantz's assignment of error is overruled.
Judgment of the trial court will be affirmed.
WOLFF, J., and FAIN, J., concur.
Copies provided to the court to:
F.J. Newberry
Dennis A. Lieberman
Hon. Larry W. Moore