JOURNAL ENTRY and OPINION
Defendant-appellant Frank Manley appeals from his conviction after entering a plea of guilty to a charge of aggravated robbery with a firearm specification.
Appellant argues his conviction must be reversed for the state's failure to comply with both statutory and constitutional speedy trial requirements. A review of the record, however, fails to support appellant's argument; therefore, his conviction is affirmed.
Appellant's conviction results from a shooting that occurred on February 23, 1998. Appellant, who was sixteen years old at the time, was involved with at least three other men in the incident and was arrested that same day. Initially, a delinquency complaint against appellant was filed on March 10, 1998 in juvenile court.
The complaint alleged appellant committed the crime of murder with a firearm. The "case information form" completed by one of the investigating police officers stated appellant confessed to approaching a vehicle that contained two male occupants and then firing six shots into the driver. The driver, Clarence Coleman, died.
The juvenile court subsequently held a hearing pursuant to R.C. 2151.26
and ordered the transfer of appellant's case to the Cuyahoga County Court of Common Pleas, Criminal Division, for further proceedings. On June 2, 1998 appellant's bindover was completed; he remained incarcerated.
On July 7, 1998 the Cuyahoga County Grand Jury issued an indictment against appellant and a co-defendant, Deonte Matthews. Appellant was charged in that case, CR-365034, with aggravated murder, R.C.2903.01(A), and attempted murder, R.C. 2923.02/R.C. 2903.02. Both counts of the indictment contained a firearm specification.
Appellant entered a plea of not guilty to the charges and was assigned counsel to represent him. However, the indictment did not halt the police investigation of the shooting; it remained ongoing.
On July 21, 1998 appellant signed a waiver of his constitutional and statutory rights to speedy trial in the case. He thereby agreed his trial could be postponed until December 1, 1998. The record reflects several pretrials were conducted in the case in the ensuing months.
At the August 13, 1998 pretrial, appellant requested a continuance until August 26, 1998. In the interim, on August 18, 1998, appellant filed a motion for a trial separate from that of his co-defendant.
At the August 26, 1998 pretrial, appellant's case was continued at the prosecutor's request until August 31, 1998. At the August 31, 1998 pretrial, appellant requested a continuance to September 3, 1998.
Finally, on September 3, 1998, appellant requested a continuance until the final pretrial date of October 8, 1998. The trial court set a trial date in CR-365034 of October 12, 1998.
On October 5, 1998, however, as a result of the ongoing police investigation, appellant was indicted with two co-defendants, viz., Rodney L. Nichols and Deonte Matthews, in the instant case, CR-368042. Based upon the same February 23, 1998 incident, appellant additionally was charged with two counts of aggravated robbery, R.C. 2911.01, each with both a three-year and a one-year firearm specification.
Appellant's arraignment on the new charges took place on October 8, 1998, the date set for the pretrial in CR-365034. Appellant pleaded not guilty to the charges and received appointed counsel to represent him.
The new case against appellant forestalled his trial in CR-365034. On October 14, 1998 the state filed a motion to consolidate appellant's two cases for trial.
On October 22, 1998 the first pretrial in the instant case was held. Appellant requested a continuance until October 30, 1998. Although the record fails to reflect whether a pretrial was conducted on that date, the next pertinent journal entries indicate that in both of appellant's cases, a pretrial was conducted on November 10, 1998, at which appellant requested continuances until November 13, 1998.
On November 12, 1998 appellant filed in the instant case a motion to dismiss the proceedings. Appellant asserted the state's delay in filing the indictment violated his statutory and constitutional rights to a speedy trial.
On November 30, 1998 the trial court began conducting a hearing on the outstanding motions in both cases. Since the hearing extended to the following day, appellant agreed to waive his speedy trial rights in CR-365034 until December 31, 1998. More-over, since appellant's attorney in the instant case was absent due to illness, the trial court indicated it would reserve its decision on appellant's speedy trial motion until counsel had the opportunity to submit some additional legal authority on the issue.
On December 14, 1998, however, prior to the trial court's decision on the matter, the parties notified the trial court that a plea agreement had been reached in both of appellant's cases. In the instant case, in return for appellant's plea of guilty to one of the counts, amended to delete the one-year firearm specification, the state would dismiss the other count. In CR-365034, in exchange for appellant's plea to count one, amended to the lesser-included offense of involuntary manslaughter, the state would dismiss count two.
The trial court conducted a thorough colloquy with appellant before accepting his pleas. Following a presentence investigation and report, the trial court sentenced appellant in the instant case to consecutive terms of incarceration of three years on the firearm specification and nine years on the charge of aggravated robbery. The terms were ordered to be served concurrently with the sentence imposed in CR-365034.
This court has permitted appellant to file a delayed appeal of his conviction in the instant case. He presents three assignments of error for review.
Appellant's first assignment of error states:
 APPELLANT WAS DENIED HIS STATUTORY RIGHT TO A SPEEDY TRIAL WHEN THE TRIAL COURT FAILED TO DISMISS CASE NUMBER 368042.
Appellant argues the state failed to bring the charges against him in this case in a timely manner, thereby contravening the requirements of R.C. 2945.71(E). On this basis, appellant contends R.C. 2945.73 mandates dismissal of the charges. Appellant's argument, however, must be rejected.
By entering a plea of guilty, a defendant waives his right to challenge a conviction on statutory speedy trial grounds. State v. Kelley(1991),57 Ohio St.3d 127, syllabus 1; Montpelier v. Greeno (1986),25 Ohio St.3d 170.
Since appellant pleaded guilty to a charge of aggravated robbery with a firearm specification, he cannot on appeal raise a challenge to his conviction based upon R.C. 2945.71. State v. Talley(Nov. 30, 2000), Cuyahoga App. No. 76968, unreported; State v. Taylor (Nov. 19, 1992), Cuyahoga App. No. 61328, unreported; see, also, State v. Lawrence (Aug. 23, 2001), Cuyahoga App. No. 78514, unreported.
Consequently, appellant's first assignment of error is overruled.
Appellant's second and third assignments of error are related. They state:
 II. APPELLANT'S RIGHT TO A SPEEDY TRIAL GUARANTEED TO HIM BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTIONS (SIC) WAS VIOLATED WHEN THE TRIAL COURT FAILED TO DISMISS CASE NUMBER 368042.
 III. APPELLANT'S RIGHT TO A SPEEDY TRIAL GUARANTEED TO HIM BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WAS VIOLATED WHEN THE TRIAL COURT FAILED TO DISMISS CASE NUMBER 368042.
Appellant argues the state's delay in indicting him in the instant case contravened his federal and state constitutional rights to a speedy trial; therefore, the trial court should have dismissed the charges. This court disagrees.
The Ohio Supreme Court has cautioned that statutory speedy trial provisions are not dispositive of the question of whether an individual's constitutional rights to a speedy trial have been compromised by a delay in commencing a criminal prosecution. State v. Selvage (1997),80 Ohio St.3d 465, at the syllabus. See, also, State v. Triplett (1997),78 Ohio St.3d 566. Nevertheless, the supreme court also has held that:
 In issuing a subsequent indictment, the state is not subject to the speedy-trial timetable of the initial indictment, when additional criminal charges arise from facts different from the original charges, or the state did not know of those facts at the time of the initial indictment.
State v. Baker (1997), 78 Ohio St.3d 108, syllabus.
The supreme court went on to explain that, for the purposes of a speedy trial inquiry, additional crimes that are based on different facts should not be considered as arising from the same sequence of events. Id. at 111.
In this case, the trial court conducted a hearing on appellant's motion to dismiss the charges. The prosecutor represented that since the initial indictment in CR-365034, the ongoing police investigation had revealed another perpetrator had been involved in the shooting and, additionally, a cohort of the defendants had sought to impede the discovery of all of the facts surrounding the shooting. The prosecutor noted that because of this revelation, the indictment in CR-365034 required amendment and the additional indictment in the instant case was sought.
Subsequent to this discussion on the record, the trial court permitted the amendment of the indictment in CR-365034. Appellant entered his guilty pleas in the two cases shortly thereafter. The trial court never issued a formal ruling on appellant's motion to dismiss the instant indictment based upon speedy trial considerations; however, appellant's motion presumptively was denied. State ex rel. The V Companies v. Marshall (1998), 81 Ohio St.3d 457, 469.
Based upon the transcript of the motion hearing, this court cannot conclude the trial court abused its discretion in failing to dismiss the instant indictment. State v. Selvage, supra. The record demonstrates the original charges were based upon appellant's confession. However, further "analysis" of the shooting incident led to the discovery of additional facts that were unknown at the time of the indictment in CR-365034. State v. Baker, supra at 111.
Under these circumstances, appellant's constitutional rights to a speedy trial were not violated by the trial court's failure to dismiss the charges in the instant case. Id.; State v. Lekan (June 27, 1997), Montgomery App. No. 16108, unreported; see, also, State v. Jordan (Nov. 25, 1998), Cuyahoga App. No. 73364, unreported.
Accordingly, appellant's second and third assignments of error also are overruled.
Appellant's conviction is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J. and JAMES J. SWEENEY, J. CONCUR