OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals the decision of the Ashtabula County Court of Common Pleas, granting defendant-appellee, Rafael A. Nieves', Motion to Dismiss the charges pending against him on the grounds that his constitutional rights to a speedy trial and due process were violated. For the following reasons, we affirm the decision of the court below. *Page 2 
 {¶ 2} On May 10, 2003, Nieves was involved, as the driver of the automobile, in an accident in which Melanie A. Pabst, an occupant of his vehicle, was killed. Nieves lived with Melanie and their seven-year-old daughter at 193 West Street, Geneva, Ohio. Following the accident, Melanie's daughter, Seneca Sanabria, moved into the 193 West Street residence to help take care of Nieves and her sister.
 {¶ 3} Believing that charges would be filed in connection with the accident, Rafael's brother, Abimael Nieves Rivera, asked Sanabria to try and retain an attorney to represent Rafael. Sanabria testified that she contacted several attorneys, but, in the absence of charges, could not receive a price for a retainer. Sanabria also took temporary custody of her sister, in the event that Nieves was arrested.
 {¶ 4} Rivera contacted Philip E. Cordova, an attorney and neighbor, and asked him to investigate whether any charges were pending. Cordova checked the criminal docket several times in May and June 2003, but found no record of charges being filed. Cordova continued to check the docket "throughout the fall of 2003" because Rivera had advised him that Nieves intended to return to Puerto Rico in December, after his seasonal employment ended. Rivera testified that Nieves did not want to leave the country if charges were pending against him.
 {¶ 5} On October 3, 2003, Nieves was indicted on two counts of Aggravated Vehicular Homicide, felonies of the second degree in violation of R.C. 2903.06(A)(1), and four counts of Aggravated Vehicular Assault, felonies of the third degree in violation of R.C.2903.08(A)(1). On the same day, the prosecuting attorney filed a Request for Issuance of Warrant upon Indictment and a warrant was issued for the arrest of Rafael Nieves, of "193 West Street, Geneva." *Page 3 
 {¶ 6} Sanabria testified that "in October or November," she spoke with a Sergeant Combs of the State Patrol and was advised that the investigation was almost done and charges would be filed.
 {¶ 7} There is no evidence that the State attempted to serve Nieves with the indictment.
 {¶ 8} Nieves remained at 193 West Street until December 29 or 31, 2003, when he flew to Puerto Rico with his daughter.
 {¶ 9} On August 27, 2006, the Social Security Administration sent Nieves a letter to his address in Puerto Rico, advising him that his benefits were being terminated due to an outstanding arrest warrant in Ashtabula County.
 {¶ 10} Nieves learned, through family in Ashtabula County, that an outstanding warrant for his arrest existed and that he would not be arrested in Puerto Rico.
 {¶ 11} On September 20, 2006, Nieves returned to Ashtabula County. On October 12, 2006, Nieves was arrested at Rivera's residence where he was staying.
 {¶ 12} On January 29, 2007, Nieves filed a Motion to Dismiss the indictment on the grounds that his constitutional rights to a speedy trial and due process were violated. A hearing was held on Nieves' motion.
 {¶ 13} On April 5, 2007, the court granted Nieves' motion and dismissed the indictment. The State timely appeals and raises the following assignment of error: "The trial court erred in granting appellee's motion to dismiss."
 {¶ 14} The Sixth Amendment to the United States Constitution, also applicable in state criminal trials by the Fourteenth Amendment, states that "in all criminal prosecutions, the accused shall enjoy the right to speedy and public trial." See Klopfer *Page 4 v. North Carolina (1967), 386 U.S. 213, 222. Similarly, the Ohio Constitution guarantees, "[i]n any trial, in any court, the party accused shall be allowed * * * to have * * * a speedy public trial." Section 10, Article I, Ohio Constitution. "The constitutional guarantees of a speedy trial are applicable to unjustifiable delays in commencing prosecution, as well as to unjustifiable delays after indictment." State v. Meeker (1971), 26 Ohio St.2d 9, paragraph three of the syllabus.
 {¶ 15} In analyzing constitutional speedy trial issues, Ohio courts follow the test set forth by the United States Supreme Court inBarker v. Wingo (1972), 407 U.S. 514. In Barker, the Supreme Court adopted a "balancing test, in which the conduct of both the prosecution and the defendant are weighed." Id. at 530. The Supreme Court noted that its approach "necessarily compels courts to approach speedy trial cases on an ad hoc basis." Id. In applying this test, Ohio courts focus primarily on four factors: "(1) the length of the delay, (2) the reason the government assigns to justify the delay, (3) the defendant's responsibility to assert his right to a speedy trial, and (4) the prejudice to the defendant." State v. Triplett, 78 Ohio St.3d 566, 568,1997-Ohio-182, citing Barker, 407 U.S. at 530-532.
 {¶ 16} We review a trial court's judgment of an alleged constitutional speedy trial violation under an abuse of discretion standard. State v.Larlham, 2007-P-0019, 2007-Ohio-6158, at ¶ 15, citing State v.Selvage, 80 Ohio St.3d 465, 470, 1997-Ohio-287.[1] *Page 5 
 {¶ 17} The State's principal argument is that the three-year delay in serving the indictment upon Nieves was the result of Nieves having fled Ohio and remaining in Puerto Rico. We disagree.
 {¶ 18} Nieves remained in Ohio for seven months following the accident, during which time he anticipated charges being filed against him. During this time, Nieves made an effort to learn if charges had been filed. After his indictment in October 2003, the State, with full knowledge of Nieves' address, had over two months to serve Nieves, but failed to do so. There is no evidence that Nieves had actual knowledge of the October indictment. In fact, there is no evidence in the record of the State ever attempting to serve Nieves with the indictment. The State's argument would be more persuasive if it could show that it had attempted to serve Nieves, but that its efforts had been frustrated by his leaving the jurisdiction. Cf. Doggett v. United States (1992),505 U.S. 647, 656 ("if the Government had pursued Doggett with reasonable diligence from his indictment to his arrest, his speedy trial claim would fail"); Selvage, 80 Ohio St.3d 465, 469 ("if the state had pursued appellee with `reasonable diligence,' the trial court's conclusion [that appellee's speedy trial rights had been violated] may have been different").
 {¶ 19} The evidence also demonstrates that Nieves voluntarily returned to Ohio within a month of learning, through a Social Security termination of benefits notice, that charges were pending. Thus, the State's contention that Nieves "fled" the jurisdiction to avoid prosecution is not supported by the evidence. *Page 6 
 {¶ 20} The State also claims Nieves was dilatory in asserting his right to a speedy trial, inasmuch as he did not immediately turn himself into the authorities upon returning to Ohio. Again, we disagree.
 {¶ 21} In discussing an accused's responsibility to asserting the right to a speedy trial, the United States Supreme Court has observed that "[a] defendant has no duty to bring himself to trial."Barker, 407 U.S. at 527.
 {¶ 22} In the present case, Nieves learned of the pending charges in September 2006. He returned to the United States on September 20 and was arrested October 12, twenty-two days later. The period of time between Nieves' learning of the indictment and arrest is negligible in comparison to the total length of time that had elapsed since the indictment. Thus, consideration of this factor does not support the State's position.
 {¶ 23} Finally, the State argues that Nieves cannot claim prejudice as a result of the delay because he is responsible for causing the delay.
 {¶ 24} As to the issue of prejudice, the "courts have generally found post-accusation delay `presumptively prejudicial' at least as it approaches one year." Selvage, 80 Ohio St.3d at 469, citingDoggett, 505 U.S. at 652 n. 1; Triplett, 78 Ohio St.3d at 570, citingDoggett, 505 U.S. at 655 ("we generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify").
 {¶ 25} In the present case, Nieves argued before the trial court that he would be prejudiced in defending himself by the fact that the blood evidence, taken at the time of the accident, is no longer available nor is the vehicle Nieves was operating. The State has made no argument contrary to the presumption of prejudice or the specific prejudice *Page 7 
alleged by Nieves, but merely asserts that any prejudice that exists is Nieves' fault. This argument fails since we have rejected the proposition that Nieves is responsible for the delay in serving the indictment.
 {¶ 26} No permissible excuse or reason exists for the three-year delay in serving Nieves with the indictment. The trial court acted within its discretion by granting Nieves' Motion to Dismiss. The sole assignment of error is without merit.
 {¶ 27} For the foregoing reasons, the decision of the Ashtabula County Court of Common Pleas, dismissing the criminal charges against Nieves, is affirmed. Costs to be taxed against appellant.
CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur.
[1] The State urges, in its Appellant's Brief, that the proper standard of review is a mixed standard applicable to questions of law and fact. The standard proposed is properly applied to violations of a defendant's statutory speedy trial rights, rather than a violation, as here, of a defendant's constitutional speedy trial rights. Cf. State v.Berner, 9th Dist. No. 3275-M, 2002-Ohio-3024, at ¶ 4 (the defendant claimed his speedy trial rights, as guaranteed in R.C. 2945.71, were violated). *Page 1