The State of Ohio, Appellee, *v.* Clemons, Appellant.

[Cite as *State v. Clemons*, 142 Ohio St.3d 423, 2015-Ohio-1491.]

(No. 2014–0228—Submitted March 11, 2015—Decided April 22, 2015.)

{¶ 1} The cause is dismissed, sua sponte, as having been improvidently accepted.

O'Connor, C.J., and Pfeifer, O'Donnell, Lanzinger, and Kennedy, JJ., concur.

French and O'Neill, JJ., dissent.

O'Neill, J., dissenting.

{¶ 2} Respectfully, I dissent from this court's order dismissing this case as one that was improvidently accepted. This case presents a constitutional question of great general interest. We have an opportunity to clarify the circumstances in which a "formal accusation" has triggered an inquiry into whether a defendant's constitutional right to a speedy trial has been violated. *See Doggett v. United States*, 505 U.S. 647, 654, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). We have previously considered "whether a statutory period of limitations for commencing a criminal prosecution is dispositive of an individual's constitutional right to a speedy trial." *State v. Selvage*, 80 Ohio St.3d 465, 466, 687 N.E.2d 433 (1997). In *Selvage*, we stated that the defendant "was formally accused when [the state] filed the criminal complaint," *id.* at 468, and held that the filing triggered the inquiry into whether a Sixth Amendment violation had occurred, *id.* at 468–469. The appellate court in this case failed to follow the clear guidance provided by *Selvage*.

{¶ 3} Judging from the issue that now comes before us from the appellate court, the question whether the filing of a criminal complaint constitutes a formal accusation in Ohio is far from settled.

{¶ 4} In this case, unlike in *Selvage,* the parties disagree about when a formal accusation was made. The appellant, Marlon Clemons, believes that the criminal charge and warrant sworn against him by Cleveland police in the Cleveland Municipal Court in August 2009 constitute a formal accusation. It is hard to imagine a charge being more "formal" than when a police officer walks into a courthouse and files a criminal complaint against a citizen. This is not an encounter on the street, it is not an arrest, and it is not part of an investigatory process. It is the state of Ohio invoking the jurisdiction of a court of law for the purpose of prosecuting a citizen for a crime.

{¶ 5} Appellee, the state of Ohio, responds that a mere complaint without any restraint on liberty is not a formal accusation and that the first time Clemons was formally accused was more than 19 months later when he was indicted in March 2011 for the same alleged criminal conduct. Based on our holding in *Selvage,* I disagree.

{¶ 6} In considering whether Clemons's constitutional right to a speedy trial was violated under *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), this court acknowledged the principle that the date that a formal accusation was made determines whether Clemons bears the burden of establishing that he suffered prejudice due to the delay in prosecution or if the state instead bears the burden of establishing that he was not prejudiced. *See Selvage,* 80 Ohio St.3d at 468, 687 N.E.2d 433, quoting *Doggett,* 505 U.S. at 652, 112 S.Ct. 2686, 120 L.Ed.2d 520, fn. 1 (" 'courts have generally found postaccusation delay "presumptively prejudicial" at least as it approaches one year' ").

{¶ 7} When confronted with a legitimate question of constitutional dimension and great general interest, I believe that we should answer the question presented.

{¶ 8} I dissent.

---

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda and T. Allan Regas, Assistant Prosecuting Attorneys, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and Cullen Sweeney, Assistant Public Defender, for appellant.